**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Juan Carlos Zambrano, Individually and On Behalf of Others Similarly Situated<br>Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:24-cv-3408 |
| M&R Manufacturing LLC,<br>RVO Manufacturing, LLC, and<br>Ronak Patel,<br>Defendants. | § | JURY DEMANDED |

# PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

## Summary of Lawsuit

Defendant Ronak Patel ("Patel") and the two companies in which he has an ownership interest and control, M&R Manufacturing LLC ("M&R") and RVO Manufacturing, LLC ("RVO") (jointly "Defendants") have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Juan Carlos Zambrano ("Zambrano" or "Plaintiff") is one of the workers hired by Defendants as an hourly employee and not paid overtime pay and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

## Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Zambrano worked for Defendants as a machine operator from 2015 until 2024. Plaintiff's duties included fabricating metal parts for industrial and oilfield use.

2. During the time he worked for the Defendants, Plaintiff regularly worked more than 40 hours per week.

3. Defendants paid Zambrano on an hourly basis. For most of Zambtano's employment, Defendants did not pay Zambrano an overtime premium for any of the hours he worked over 40 in a workweek. Instead, Defendants paid Zambrano the same hourly rate for all the hours he worked ("straight time") for the majority of his tenure.

4. Zambrano worked with other individuals who were paid on an hourly basis and who were also fabricating metal. A number of these individuals who also regularly worked over 40 hours per week were also not paid overtime pay for hours they worked over 40 per workweek. Instead, the Defendants also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

5. M&R and RVO are engaged in the same type of machine shop/fabrication business and are controlled by members of the same family.

6. Ronak Patel is a member of both LLCs being sued herein and is a person who controls the employee pay practices of both companies.

7. Zambrano primarily worked for M&R and at M&R's facility. At times, Zambrano was sent to work for a day or several days at RVO's facility performing the same type of work. Zambrano was still usually paid by M&R for all the work he did although on a few occasions he was paid by RVO.

8. Zambrano worked for both M&R and RVO and was paid by both companies.

9. Other employees of M&R and RVO performed work for both companies and were paid by both companies.

10. Zambrano and his coworkers were subject to the control of leadership and management of both M&R and RVO, including Patel, depending on where they were working.

**Allegations Regarding FLSA Coverage**

11. Defendants are Texas limited liability companies that are covered by and subject to the overtime requirements of the FLSA.

12. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

13. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

14. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

15. During each of the three years prior to this complaint being filed, Defendants' employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

**Plaintiff's Claims**

16. Patel, individually, was an employer of Zambrano and his coworkers.

17. Patel, M&R and RVO jointly employed Zambrano and his coworkers.

18. Defendants were legally required to pay Zambrano and other individuals who performed fabrication work ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Defendants over 40 in any workweek.

19. Zambrano worked over 40 hours in many workweeks that he worked for Defendants.

20. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendants.

21. Defendants did not pay Zambrano time-and-a-half for the overtime hours that he worked for the Defendants for much of his tenure. Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other machine shops/fabricators that pay their employees all the money required by law.

22. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Zambrano and Similarly Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

**Cause of Action**

**Violation of the FLSA – Failure to Pay Overtime Wages Owed**

23. Defendants violated the FLSA by failing to pay Zambrano overtime pay for many of the hours he worked over 40 per workweek.

24. Zambrano has suffered damages as a direct result of Defendants' illegal actions.

17. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

25. Defendants paid some of their workers overtime pay for their entire tenure, but chose to not pay Zambrano and others overtime pay for portions of their tenures. Defendants were thus fully aware of their obligations to pay overtime yet continued to knowingly violate the FLSA's requirements. This means that the claims of Zambrano and the Similarly Situated Workers as described below should be subject to a three-year statute of limitations rather than two.

## Collective Action Allegations

26. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying fabrication workers on an hourly basis and not paying them overtime pay. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Similarly Situated Workers.

27. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendants M&R Manufacturing LLC and/or RVO Manufacturing, LLC performing fabrication related work (no matter their specific title) who are/were employed by and paid on an hourly basis and who were not paid overtime pay for all hours they worked over 40 in any workweek during the three-year period preceding the filing of this Complaint.**

28. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

## Defendant, Jurisdiction, and Venue

29. Defendant M&R Manufacturing LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. Defendant may be served through its director Ronak Patel at 22420 State Hwy 249, Houston, Texas 77070, or wherever he may be found.

30. Defendant RVO Manufacturing, LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. Defendant may be served through its registered agent/director/managing member Ronak Patel, at 22420 State Hwy 249, Houston, Texas 77070, or wherever he may be found.

31. Defendant Ronak Patel may be served at 22420 State Hwy 249, Houston, Texas 77070, or wherever he may be found.

32. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

33. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing fabrication-related work who are/were employed by and paid on an hourly basis by Defendants M&R Manufacturing LLC and RVO Manufacturing, LLC during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

2. Judgment against Defendants for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*

Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF JUAN CARLOS ZAMBRANO**